**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:26-cv-00876-DOC-AJR                          Date:  March 12, 2026
                                                                                       Page 1 of 3

Title:        Huaitao Fan v. Kristin Noem, et al.

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

  Ashley Silva-Elder            None                    None
   Deputy Clerk         Court Reporter/Recorder       Tape No.

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:

        None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On February 18, 2026, Petitioner Huaitao Fan ("Petitioner"), a *pro se* immigration detainee then being held at the Adelanto Detention Facility, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.)  The Petition challenged Peitioner's detention and sought immediate release or bond hearing.  (Id. at 7.)  On February 24, 2026, the Court issued an Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel.  (Dkt. 4.)  On March 2, 2026, the Federal Public Defender filed a Notice of No Intent to Appear, notifying the Court that it did not intend to enter an appearance on behalf of Petitioner.  (Dkt. 6.)  On March 10, 2026, Respondents filed a Response to Petition for Writ of Habeas Corpus (the "Response").  (Dkt. 7.)  In their Response, Respondents advised that "the Petitioner ha[d] been released from ICE detention."  (Id. at 2.)  Respondents contend that "Petitioner's release from ICE detention generally moots this habeas petition."  (Id.)

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.       5:26-cv-00876-DOC-AJR                    Date:  March 12, 2026
                                                        Page 2 of 3

Title:         <u>Huaitao Fan v. Kristin Noem, et al.</u>

explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." <u>De Funis v. Odegaard</u>, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  <u>See, e.g.</u>, <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  <u>Wallingford v. Bonta</u>, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  <u>Burnett v. Lampert</u>, 432 F.3d 996, 999 (9th Cir. 2005).

To the extent this action is now moot, the Court would lack jurisdiction.  Based on the information provided in the Response, Petitioner is **ORDERED TO SHOW CAUSE,** by **March 26, 2026**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a response setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the underlying habeas petition.**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

Petitioner is advised that if he believes this action should be dismissed for lack of jurisdiction based on mootness, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **<u>A form Notice of Dismissal is attached for Petitioner's convenience.</u>**

The Court acknowledges that in light of Petitioner's release from ICE detention, it has no way of communicating with Petitioner.  However, Respondents appear to have served their Response on a representative for Petitioner.  (Dkt. 7-2.)  Accordingly, the Court directs the Clerk of Court to mail a copy of this order to Carlos Barrios, 510 W. 6th Street, Suite 1210, Los Angeles, CA 90014.  In the absence of a response from Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:26-cv-00876-DOC-AJR                    Date:  March 12, 2026
                                                       Page 3 of 3

Title:        Huaitao Fan v. Kristin Noem, et al.

or Petitioner's representative on Petitioner's behalf, the Court intends to recommend dismissal of this action without prejudice based on mootness and lack of jurisdiction.

        IT IS SO ORDERED.


Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).


cc:     Carlos Barrios
        510 W. 6th Street, Suite 1210
        Los Angeles, CA 90014
        ATTN: Carlos carlos@toplegalservice.com